French, J.,
concurring.
{¶ 288} I agree "with the concurring and dissenting opinion that the admission of the autopsy report and the admission of Dr. Felo’s testimony regarding the information contained in the autopsy report violated Maxwell’s confrontation rights, but that the admission of that evidence constituted harmless error. I also agree that Dr. Felo’s independent conclusions would not offend the Confrontation Clause.
*70 {¶ 289} Autopsy reports are not per se nontestimonial. Ohio’s statutory scheme makes clear that an autopsy is intended to serve two distinct purposes: (1) investigation of homicides and other crimes and (2) investigation of publichéalth concerns. R.C. 313.131(C)(1) (“An autopsy is a compelling public necessity if it is necessary to the conduct of an investigation by law enforcement officials of a homicide or suspected homicide, or any other criminal investigation, or is necessary to establish the cause of the deceased person’s death for the purpose of protecting against an immediate and substantial threat to the public health”). To determine which purpose takes precedence in any given case, we must look to the facts of that particular case. Here, police responded to a shooting. The coroner received the body of a victim who had been shot twice in the head. Common sense tells us that the coroner was not investigating a mysterious public-health epidemic. He was investigating a homicide and would have clearly expected his report to be used in a subsequent murder trial. Thus, in this case, the report was testimonial.
{¶ 290} I agree with the majority’s independent review of the imposition of the death penalty, however, and would affirm on those grounds.